IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION


|  |  |  |
|---|---|---|
| | : | |
| TRIDIA CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:15-CV-01245-LMM |
| SCREENCONNECT SOFTWARE, LLC, et al. | : | |
| | : | |
| Defendants. | : | |


## STANDING ORDER REGARDING
## CIVIL LITIGATION


This case has been assigned to Judge Leigh Martin May. These guidelines are furnished to inform the parties and their counsel of the Court's policies, procedures, and practice, and to promote the just, speedy, and economical disposition of cases. This order, in combination with the Local Rules of this Court and the Federal Rules of Civil Procedure, shall govern this case, superseding any previous case instruction orders.

**SECTION**                                                                                    **PAGE**

I.    General matters..................................................................................... ................................................3
II.   Case administration...............................................................................................................3
    a.   Contacting chambers.................................................................................................3
    b.   Courtesy copies of documents.............................................................................4
    c.   Attorneys...........................................................................................................................5
        i.    Admission of counsel *pro hac vice*...................................................5
        ii.   Electronic registration for all counsel.............................................5
        iii.  Leaves of absence................................................................ ..............................5
        iv.   Withdrawal or substitution of counsel...................... ............................5
        v.    Corporate representation............................................. ..........................5
    d.   *Pro se* litigants.......................................................................... ...................................6
III.  Case management.....................................................................................................9
    a.   Extensions of time.......................................................................................................9
    b.   Page limit extensions................................................................................................9
    c.   Conferences.....................................................................................................................9
    d.   Joint Preliminary Report and Discovery Plan ........................................10
    e.   Discovery......................................................................................................................11
        i.    General principles of discovery ...................................................... 11
        ii.   Discovery responses: boilerplate and general objections..............12
        iii.  Interrogatories.............................................. ................................................14
        iv.   Requests for production or inspection...................... ......................15
        v.    Requests for admission.............................................................................16
        vi.   Depositions............................................................... ...................................... 17
    f.    Discovery disputes....................................................................................................18
    g.   Confidentiality agreements, protective orders, and motions to seal... ...... 19
    h.   Electronic filing of exhibits and attachments................... ......................22
    i.    Brief nomenclature...................................................................................................23
    j.    Motions for temporary restraining order or preliminary injunction.....23
    k.   Motions for summary judgment................................................. ..........................23
    l.    Statements of material facts ............................................................................. 24
    m.  Requests for oral argument on motions................................................... 24
    n.   Proposed orders .......................................................................................................25
    o.   Pretrial conference....................................................................................................25
    p.   Proposed findings of fact and conclusions of law............... ...................... 26
    q.   Courtroom technology..............................................................................................26
    r.   Jury trial ........................................................................................................................27
        i.    Voir dire ...................................................................................................... 28
        ii.   Courtroom communications .............................................................. 29
        iii.  Exhibits ......................................................................................................... 30
        iv.   Jury charge.................................................................................................... 31

## I.     GENERAL MATTERS

Attorneys and *pro se* litigants appearing in this court in civil litigation must observe three sets of rules:

1. The Federal Rules of Civil Procedure. These rules are available at www.uscourts.gov/RulesAndPolicies/FederalRulemaking/Overview.aspx.

2. The local rules of this District Court and Instructions Regarding Pretrial Proceedings. The local rules of this Court are available for downloading at http://www.gand.uscourts.gov/localrules. Various forms and the Court's pretrial instruction package are available at www.gand.uscourts.gov/forms/.

3. The rules and practices of the district judge, and magistrate judge if appropriate, assigned to your case, including this standing order.

## II.     CASE ADMINISTRATION

### a.     Contacting Chambers

Rebecca Bachelor, the Courtroom Deputy Clerk, is your principal point of contact on matters related to this case. Communications with Ms. Bachelor should be via email or in writing addressed as follows:

> Honorable Leigh Martin May
> ATTN: Rebecca Bachelor
> Courtroom Deputy Clerk
> 2167 United States Courthouse
> 75 Spring Street, SW
> Atlanta, GA 30303-3309
> Rebecca_Bachelor@gand.uscourts.gov

If a telephone call is necessary, you may reach Ms. Bachelor at 404-215-

1514 (direct dial). Please note that Ms. Bachelor is often in the courtroom, so telephone messages may not be returned for 24 hours. <u>Neither the parties nor their counsel should discuss the merits of the case with Ms. Bachelor or any of the Court's law clerks.</u>

### b. <u>Courtesy Copies of Documents</u>

Parties frequently forward copies of motions or other filings directly to chambers for the Court's convenience. Courtesy copies are not required, except for emergency motions filed pursuant to Local Rule 7.2B, NDGa, motions for temporary restraining orders and/or preliminary injunctions, motions *in limine*, motions for summary judgment, or motions with voluminous exhibits. Courtesy copies of such emergency motions, motions for temporary restraining orders, and/or motions for preliminary injunctions should be hand-delivered to chambers in Room 2167 on the 21st floor of the Richard B. Russell Federal Building. Courtesy copies of motions *in limine*, motions for summary judgment, including all exhibits, or motions with voluminous exhibits, may be either hand-delivered to chambers in Room 2167 or submitted via regular mail to the attention of the Courtroom Deputy Clerk at the above-provided address.

### c.   <u>Attorneys</u>

#### i.   Admission of Counsel *Pro Hac Vice*

In the event that lead counsel had been admitted *pro hac vice*, local counsel is required to be familiar with the case and may be called upon to attend hearings or participate in conferences on behalf of the lead counsel.

#### ii.   Electronic Registration for All Counsel

All counsel—including counsel admitted *pro hac vice*—must register and participate in the Court's electronic filing system, CM/ECF (Case Management/Electronic Case Filing). NDGa Standing Order 04-01.

#### iii.   Leaves of Absence

Counsel are encouraged to review their calendars and submit as early as possible any requests for leave of absence. Leave requests shall comply with Local Rule 83.1, NDGa. All requests for or notices of leaves of absence must be electronically filed. Counsel should not mail or hand-deliver paper copies to chambers.

#### iv.   Withdrawal or Substitution of Counsel

It is counsel's responsibility to keep the Court informed of any change of its status. Counsel should comply with Local Rule 83.1, NDGa, when substituting or withdrawing as counsel.  Counsel who do not comply with this Local Rule will not be allowed to withdraw from the case until compliance is achieved.

#### v.   Corporate Representation

Corporate entities must be represented in court by an attorney. A

corporate officer may not represent the corporation unless that officer is also licensed to practice law in the state of Georgia. Local Rule 83.1, NDGa, states:

> a corporation may only be represented in court by an attorney, that a[n] attorney must sign all pleadings submitted to the court, and that a corporate officer may not represent the corporation in court unless that officer is also an attorney licensed to practice law in the state of Georgia, and that failure to comply with this rule could result in a default being entered against the corporate party.

### d. *Pro Se* Litigants

Parties proceeding *pro se* (without an attorney) are **ADVISED** that they must comply with the Federal Rules of Civil Procedure ("FED. R. CIV. P."), as well as the Local Rules of the United States District Court for the Northern District of Georgia ("LR, NDGa."). *Pro se* parties may obtain certain basic materials and hand-outs from the Office of the Clerk of Court located on the 22nd Floor of the United States Courthouse, 75 Spring Street, S.W., Atlanta, Georgia. Many documents are also available on the Court's website at www.gand.uscourts.gov. *Pro se* litigants may also utilize the law library located on the 23rd floor of the United States Courthouse at the above-provided address.

Counsel and parties representing themselves are prohibited from engaging in *ex parte* communications with the Court or the Court's staff. "*Ex parte* communications" mean any form of contact with the Court outside the presence of the opposing party or opposing party's counsel. This includes, but is not limited to, telephone calls, written correspondence, or in-person contact by one party or party's counsel. If counsel or a *pro se* litigant seeks court action, the

appropriate procedure is to put the request in writing, in the form of a motion, file the motion with the Clerk's office and serve the opposing party or party's counsel. See FED. R. CIV. P. 5; LR 5.1-5.2, NDGa.; see also LR 7.4, NDGa. ("Communications to judges seeking a ruling or order, including an extension of time, shall be by motion and not by letter. A letter seeking such action ordinarily will not be treated as a motion.").

The Clerk of Court and the U.S. Marshals Service will not serve documents filed by either party, unless expressly directed to do so by the Court. The Court will only direct the Clerk or the U.S. Marshals Service to serve in the following instances: (1) in the event a plaintiff is granted leave to proceed *in forma pauperis* (without prepayment of fees) and survives a frivolity review, the Court will direct the Clerk to prepare (and deliver to the U.S. Marshals Service if necessary) a service package containing the case initiating document(s), or (2) in exceptional circumstances under the Court's discretion. The National Association of Professional Process Servers provides a search engine for locating process servers across the nation at its website (www.napps.org). A *pro se* plaintiff is (1) **REQUIRED** to provide the Clerk with an original of any further pleadings or other papers filed with the Court after the Complaint, and (2) is further **REQUIRED** to **SERVE** upon the defendant(s) or counsel for the defendant(s), by mail or by hand delivery under Rule 5 of the Federal Rules of Civil Procedure, a copy of every additional pleading or other paper described in Rule 5 of the Federal Rules of Civil Procedure.

Each pleading or paper described in Rule 5, including pleadings, papers related to discovery required to be served, motions, notices, and similar papers, shall include a certificate stating the date on which an accurate copy of that pleading or document was mailed or hand-delivered to the defendant(s) or their counsel. This Court shall disregard any papers submitted which have not been properly filed with the Clerk, or which do not include a certificate of service. *Pro se* parties are also **ADVISED** that, under Local Rule 7, NDGa, "PLEADINGS ALLOWED; FORM OF MOTIONS," if the deadline for a response to a motion passes without a response being filed, the motion is deemed unopposed. See LR 7.1B, NDGa. Furthermore, under Local Rule 56.1, NDGa, the failure by a respondent to a motion for summary judgment to contest the movant's statement of material facts will be taken as an admission of those facts not objected to in respondent's statement.

*Pro se* parties are further **REQUIRED** to keep the Court advised of their current address at all times during the pendency of the lawsuit. Local Rule 83.1D.(3), NDGa, provides that counsel and parties appearing *pro se* have, in all cases, a duty to notify the Clerk's Office by letter of any change in address and/or telephone number. Per this rule, "[a] failure to keep the clerk's office so informed which causes a delay or otherwise adversely affects the management of a civil case shall constitute grounds for dismissal without prejudice or entry of a judgment by default."

### III.   CASE MANAGEMENT

### a.   <u>Extensions of Time</u>

The Court, along with counsel for the parties, is responsible for processing cases toward prompt and just resolutions. To that end, the Court seeks to set reasonable but firm deadlines.  Motions for extension, whether joint, unopposed, or designated as consent, will not be granted as a matter of course. Parties seeking an extension should explain with specificity the unanticipated or unforeseen circumstances necessitating the extension and should set forth a timetable for the completion of the tasks for which the extension is sought. A proposed order should also be provided.

### b.   <u>Page Limit Extensions</u>

The Court generally does not approve page limit extensions, whether joint, unopposed, or designated as consent. Parties seeking an extension of the page limit must do so at least five (5) days in advance of their filing deadline and should explain with specificity the reasons necessitating the extension. If a party files a motion to extend the page limit at the same time his or her brief is due, the extension request will be denied absent a compelling and unanticipated reason for violating the Rule. The Court will also not consider any arguments made in pages which exceed the Local Rules' requirements.

### c.   <u>Conferences</u>

Scheduling, discovery, pre-trial, and settlement conferences promote the speedy, just, and efficient resolution of cases. Therefore, the Court encourages

9

the parties to request a conference with the Court when counsel believes that a conference will be helpful and counsel has specific goals and an agenda for the conference. Conferences may be requested by contacting the Courtroom Deputy Clerk.

### d.      Joint Preliminary Report and Discovery Plan

Local Rule 16.1 provides that, prior to filing the Joint Preliminary Report and Discovery Plan, lead counsel for all parties are required to confer in an effort to settle the case, discuss discovery, limit issues, and discuss other matters addressed in the Joint Preliminary Report and Discovery Plan. LR 16.1, NDGa. This conference may be conducted by lead counsel by telephone.

With respect to deadlines addressed in the Report, the Court requires specific due dates to be provided. For example, the parties should set forth in the proposed Scheduling Order submitted with the Report the dates for the end of discovery based on the track set forth by the Court for the category of case involved, for the filing of dispositive motions, and for the filing of the Pre-Trial Order.

In certain cases, the Court may schedule a Rule 16 conference. Whether a conference will be scheduled generally will be determined after the Court reviews the Joint Preliminary Report and Discovery Plan filed by the parties. This conference is intended to allow the Court and the parties to set the timetable and structure for the resolution of the case.

### e.   **Discovery**

Initial disclosures should be as complete as possible based upon information reasonably available.  Responses may not be reserved for later supplementation.

### i.   **General Principles of Discovery**

Counsel and *pro se* litigants should be guided by courtesy, candor, and common sense, and should conform to the Federal Rules of Civil Procedure, the Local Rules and applicable orders in conducting discovery. In particular, counsel and *pro se* litigants should have in mind the restrictions on the scope of discovery stated in FED. R. CIV. P. 26(b) and the good faith obligations implicit in Rule 26(g). Direct and informal communication between counsel is encouraged to facilitate discovery and resolve disputes. In this regard, the Court refers counsel and parties to the guidance offered by the district court for the Central District of California in O'Connor v. Boeing North American, Inc., 185 F.R.D. 272, 284 (C.D. Cal. 1999):

> The Court would like to take this opportunity to address the parties and their counsel, to stress that "[t]he discovery system depends absolutely on good faith and common sense from counsel. The courts, sorely pressed by demands to try cases promptly and to rule thoughtfully on potentially case dispositive motions, simply do not have the resources to police closely the operation of the discovery process. The whole system of [c]ivil adjudication would be ground to a virtual halt if the courts were forced to intervene in even a modest percentage of discovery transactions. That fact should impose on counsel an acute sense of responsibility about how they handle discovery matters. They should strive to be cooperative, practical and sensible, and should turn to the courts (or take positions that force others to turn to the courts) only in

extraordinary situations that implicate truly significant interests."
(Citations omitted).

All discovery must be served early enough so that the responses thereto are due on or before the last day of the discovery period. Requests for extension of the discovery period or deadlines within the discovery period must be made in accordance with Local Rule 26.2B, NDGa. All requests for extensions of the discovery period must be made via motion and must state: (1) the original (and if applicable, current) date from which the extension is being sought; (2) the number of previous requests for extensions, if any; (3) whether these previous requests were granted or denied; and (4) whether the adversary consents, and if not, the reasons given by the adversary for refusing to consent. An agreed upon or consent motion to extend the discovery period or deadlines therein should be clearly designated as a consent motion. Motions must be filed prior to the expiration of the existing discovery period. The Court does not allow evidence at trial which was requested and not revealed during the discovery period.

Counsel should be aware that the Court is not hesitant to sanction a party and/or counsel for abusing the discovery process.

### ii.     Discovery Responses: Boilerplate and General Objections

Boilerplate objections in response to discovery requests are strictly prohibited. Parties should not carelessly invoke the usual litany of rote objections, *i.e.*, attorney-client privilege, work-product immunity from

discovery, overly broad/unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence.

Moreover, general objections are prohibited, *i.e.*, a party shall not include in his response to a discovery request a "Preamble" or a "General Objections" section stating that the party objects to the discovery request "to the extent that" it violates some rule pertaining to discovery, *e.g.*, the attorney-client privilege, the work product immunity from discovery, the requirement that discovery requests be reasonably calculated to lead to the discovery of admissible evidence, and the prohibition against discovery requests that are vague, ambiguous, overly broad, or unduly burdensome. Instead, each individual discovery request must be met with every specific objection thereto—but only those objections that actually apply to that particular request. Otherwise, it is impossible for the Court or the party upon whom the discovery response is served to know exactly what objections have been asserted to each individual request. All such general objections shall be disregarded by the Court.

Finally, a party who objects to a discovery request but then responds to the request must indicate whether the response is complete, *i.e.*, whether additional information or documents would have been provided but for the objection(s). For example, in response to an interrogatory a party is not permitted to raise objections and then state, "Subject to these objections and without waiving them, the response is as follows . . ." unless the party expressly indicates whether additional information would have been included in the response but for the

objection(s).

### iii.    Interrogatories

The parties are expected to observe the limitations regarding the number and scope of interrogatories as stated in FED. R. CIV. P. 26(b) and 33. Counsel's or a *pro se* litigant's signature on the interrogatories constitutes a certification of compliance with those limitations.  Interrogatories should be brief, straightforward, neutral, particularized, and capable of being understood by jurors when read in conjunction with the answer. Ordinarily, they should be limited to requesting objective facts, such as the identification of persons or documents, dates, places, transactions, and amounts. Argumentative interrogatories, attempts to cross-examine, and multiple repetitive interrogatories are objectionable.

The parties are directed to consult Federal Rules of Civil Procedure 26(b) and 33(b)-(d) about the permissible scope of discovery and objections. Counsel's or a *pro se* litigant's signature on the answer constitutes a certification of compliance with the requirements of FED. R. CIV. P. 26(g).

FED. R. CIV. P. 33(b) requires the respondent to provide separate written answers to each interrogatory unless it is objected to. If an objection is made, the reason(s) for the objection shall be stated and the interrogatory is to be answered to the extent it is not objectionable. When in doubt about the meaning of an interrogatory, give it a reasonable interpretation (which may be specified in the response) and answer it so as to provide rather than deny information. Generally,

the responding party is required to produce information only in the form in which it is maintained or is available. If an answer is made by reference to a document, attach it or identify it and make it available for inspection. Generalized cross-references, such as to a deposition, are not an acceptable answer.

   If an objection is based on privilege, the claim of privilege must be supported by a statement of particulars sufficient to enable the Court to assess its validity. In the case of a document, such a statement should specify the privilege relied on and include the date, title, description, subject, and purpose of the document, the name and position of the author, and the addresses of other recipients. In the case of a communication, the statement should include the privilege relied on and the date, place, subject, and purpose of the communication and the names and positions of all persons present. <u>See</u> FED. R. CIV. P. 26(b)(5).

### iv.   Requests for Production or Inspection

   Please consult FED. R. CIV. P. 26(b) and 34 about the permissible scope of discovery and objections. To the extent possible, requests should specify with particularity the title and description of documents or records requested. (Information needed for specification can often be obtained by informal discovery, deposition, or interrogatories, if necessary.) The certification requirement of FED. R. CIV. P. 26(g) applies.

   When responding to requests, materials (including electronically stored

information) should be produced in accordance with FED. R. CIV. P. 34(b)(2)(E). All documents should be Bates-numbered or labeled with a unique identifier on each page. Documents should be produced either (1) with labels corresponding to the categories in the specific requests to which they respond, or (2) in a format where it is clear which document is responsive to each particular request. Opening a warehouse for inspection by the requesting party, burying the responsive documents in a mass of materials, and similar procedures do not meet the good faith requirements of the rules. The certification procedure of FED. R. CIV. P. 26(g) is applicable.

### v. Requests for Admission

Requests for admission are an economical and efficient means of narrowing issues and making a record of informal exchanges of information, stipulations, and matters subject to judicial notice. Each request should be brief, clear, simple, addressed to a single point and stated in neutral, non-argumentative words. Requests ordinarily should deal with only objective facts. They may be combined with interrogatories to ask for the factual basis of a claim or a denial. The counsel's or *pro se* litigant's signature certifies compliance with FED. R. CIV. P. 26(g). FED. R. CIV. P. 36(a)(4) requires that a response specifically deny a matter or set forth in detail the reasons why the party cannot admit or deny. A denial shall fairly meet the substance of the request, and when good faith requires, a party shall specify so much as is true and qualify or deny the remainder. The responding party has a duty to make reasonable inquiry before

responding. The certification requirement of FED. R. CIV. P. 26(g) applies.

### vi.    Depositions

Barring extraordinary circumstances, opposing counsel and *pro se* litigants should be consulted, and the convenience of counsel, witnesses, and the parties accommodated, before a deposition is noticed.

When counsel or a party enter into stipulations at the beginning of a deposition, the terms of the stipulation should be fully stated on the record of the deposition.

Questions should be brief, clear, and simple. A deposition should not be used to harass or intimidate a witness.

Under FED. R. CIV. P. 30(c)(2), objections to the manner of taking the deposition, to the evidence, or to the conduct of a party shall be noted on the record, but the evidence objected to shall be taken subject to the objection. In the absence of a good faith claim of privilege, instructions not to answer are rarely justified and may lead to sanctions under FED. R. CIV. P. 37. Speaking objections and other tactics for coaching a witness during the deposition are not permissible. If counsel or a *pro se* litigant believes that a motion to terminate or limit the examination under FED. R. CIV. P. 30(d) would be warranted, counsel and/or the *pro se* litigant should promptly initiate a conference call to the Court with opposing counsel for a pre-motion conference to attempt to resolve the problem. The Court prefers handling such situations with a conference call rather than a later motion.

FED. R. CIV. P. 26(b)(4) should be consulted regarding expert disclosures. Experts who are prospective witnesses are normally produced for deposition by the opposing party as a matter of course.

The parties are expected to observe the limitations on depositions specified in FED. R. CIV. P. 26(b) and 30 and, in particular, to avoid unnecessary depositions.

### f.   <u>Discovery Disputes</u>

Prior to the filing of a discovery motion (except for unopposed, consent, or joint motions to extend the discovery period), the parties should email the Courtroom Deputy Clerk to request a conference with the Court, as the Court requires the parties to submit their discovery disputes to the Court before formal motions to compel or for a protective order are filed. The movant, after conferring with the respondent in a good faith effort to resolve the dispute by agreement, must send Ms. Bachelor (with a copy to all counsel of record) a one-page email summarizing the dispute and the relief sought. If the matter is time-sensitive, the movant should make that clear in the email. The Courtroom Deputy Clerk will provide the parties with the avenue by which they may brief the Court on the dispute (generally 2 page, single-spaced statements), then she will schedule a conference with the Court following the conclusion of the briefing. If the dispute involves an interrogatory or request for production, the text of the request at issue shall be provided in the statement or attached thereto. These disputes are often resolved in a conference with the Court, thus avoiding a

delay of discovery.  The  conference will be recorded by a court reporter. Motions to compel, to quash a subpoena, for a protective order, or for sanctions ordinarily should **NOT** be filed without a prior conference with the Court.

In addition, if any party has a dispute with a non-party (*e.g.*, regarding a subpoena), the party and the non-party must follow these instructions, and the party must promptly inform the non-party of this discovery-dispute policy. If the non-party requires the Court's involvement in resolving the dispute, it should not file a motion, but rather, should follow the procedure detailed in the two preceding paragraphs.

If a bona fide dispute arises during a deposition that the parties cannot resolve despite a good-faith effort to do so, counsel should not hesitate to call the Court (404-215-1514 or 404-215-1510).  The Court is usually available by telephone to resolve objections and disputes that arise during depositions.

### g. <u>Confidentiality Agreements, Protective Orders, and Motions to Seal</u>

The Court eschews the excess use of consent protective confidentiality orders that allow counsel to designate documents, tangible things, and information as "Confidential" and/or "Confidential—For Attorney's Eyes Only." While the Court recognizes the legitimacy of such orders in some cases, the Court's experience is that such orders are used—and abused—more often than truly necessary. The Court is aware that the parties will at times agree to designate documents as "confidential."  However, the Court will not approve

consent protective orders that conflict with the Court's view on the sealing of materials.

As a guide to counsel, the Court notes that documents, tangible things, and information ordinarily are not truly confidential unless they constitute either (1) a "trade secret," as defined by Section 1(4) of the Uniform Trade Secrets Act, or for cases applying Georgia law, O.C.G.A. § 10-1-761(4); (2) personal identifying information, such as a Social Security number; or (3) personal health information protected by the Health Insurance Portability and Accountability Act. Counsel should also be aware that the Court is not hesitant to sanction a party and/or counsel for abusing a protective confidentiality order by too readily designating documents, tangible things, and/or information as "Confidential" and/or "Confidential—For Attorney's Eyes Only."

If the parties find that a confidentiality agreement or protective order is necessary, the parties must follow the practice for filing and sealing documents as described below, and must include this provision in any proposed agreement or protective order submitted for the Court's consideration:

> Any documents (including briefs), tangible things, or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with paragraph III(g) of the Court's Standing Order Regarding Civil Litigation.

Those procedures are as follows:

For documents filed other than during a hearing or trial, as a general

matter, this Court will seal only those items enumerated in the Court's Standing Order 04-02 regarding sensitive information and public access to electronic case files. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to file the documents shall first consult with the counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection.

If a party (1) has good cause to request sealing of material marked or identified as "**CONFIDENTIAL,**" or (2) the opposing party has requested and/or designated the material to be sealed, he or she shall first present directly to Judge May's Chambers a sufficiently supported motion to file under seal. Further, the party shall indicate by entry of a "notice" on the CM/ECF docket that a motion to seal has been presented to Chambers. Attached to the motion presented to Judge May's Chambers should be the material desired to be sealed. The documents should be highlighted to indicate any portion of the documents that should be redacted.

In situations where the party requesting the seal of material marked or identified as "**CONFIDENTIAL**" is not the party who designated the documents as confidential, the designating party will have seven (7) days, following the Motion's presentment in Chambers, to provide the Court with sufficient support for why the documents should be filed under seal.

The Court will then review the material *in camera* and make a decision

21

whether to grant or deny the motion to seal. If the Court determines that the motion is to be granted, the Court will forward the motion, a signed order, and accompanying materials to the Clerk of the Court for entry of the motion on the CM/ECF docket and appropriate filing of the sealed materials. If the Court determines that the motion is to be denied, then the Court will contact the filing party, which may then retrieve the motion/materials and determine whether it wants to file the document without a seal.

As further clarification, the Court notes that a mere reference or discussion of confidential information does not warrant sealing of the entire document and all attachments to be filed. Instead, the Court is only interested in sealing (or filing in a redacted format) very specific portions of documents that contain or refer to confidential information.

The Clerk of the Court is <u>not authorized</u> to accept for filing any document designated as sealed without an order from the Court approving specific documents to be filed under seal.

**h.    <u>Electronic Filing of Exhibits and Attachments</u>**

The parties should make every effort to label all electronically uploaded exhibits and attachments according to their content to assist the Court in making its ruling. For example, the Court would prefer to have documents uploaded as Ex. A: Smith Deposition, Ex. B: Employment Contract, and Ex. C: Jones Letter, rather than Ex. A, Ex. B, and Ex. C.

### i. **<u>Brief Nomenclature</u>**

Briefs should be titled on CM/ECF as follows. The initial brief of a movant should be titled "Brief in Support of [state the motion]." The brief of the responding party should be titled "[name of respondent]'s Response in Opposition to [state the motion]." The reply of the moving party should be titled "Reply in Support of [state the motion]." Though surreplies should not be filed in the normal course, if the Court authorizes a surreply, it should be titled "[name of party filing the surreply]'s Surreply to [name of motion]."

### j. **<u>Motions for Temporary Restraining Order or Preliminary Injunction</u>**

Any request for a temporary restraining order or for preliminary injunctive relief must be made by a separate motion. A request for a temporary restraining order or preliminary injunction found only in the complaint will not be considered. After filing an appropriate motion, the movant must contact Ms. Bachelor to request expedited consideration.

### k. **<u>Motions for Summary Judgment</u>**

All citations to the record evidence should be contained in each party's brief, not just in the party's statement of undisputed (or disputed) facts. The party should include in the brief, immediately following the deposition reference, a citation indicating the page and line numbers of the transcript where the referenced testimony can be found. The party should also attach to the brief a copy of the specific pages of the deposition that are referenced in the brief. The

party should not attach to the brief a copy of the entire deposition transcript. The entire deposition transcript is to be filed separately under a notice of filing original deposition transcript.

The parties are **REQUIRED** to submit courtesy copies of motions for and responses to summary judgments, including all exhibits, to chambers.

### l. <u>Form of Statement of Material Facts</u>

In addition to following the form instructions set out in Local Rule 56.1(B), NDGa, a party responding to a statement of material facts shall copy into its response document the numbered statement to which it is responding and provide its response to that statement immediately following. A party that chooses to reply to a response that raises additional facts (pursuant to Local Rule 56.1(B)(3), NDGa), shall (1) copy into its reply document its original numbered statement of material fact and the opposing party's response, and then (2) provide its reply to that statement immediately following. Each party shall file its documents in a text-searchable PDF format. Statements of material fact that do not conform with these instructions will be returned to counsel for revision.

### m.   <u>Requests for Oral Argument on Motions</u>

In accordance with Local Rule 7.1(E), motions are usually decided without oral argument, but the Court will consider any request for hearing. If oral argument is requested, the party or parties should specify the particular reasons argument may be helpful to the Court and what issues will be the focus of the proposed argument. Moreover, the Court shall grant a request for

oral argument on a contested substantive motion if the request states that a lawyer of less than five years out of law school will conduct the oral argument (or at least a large majority), it being the Court's belief that new lawyers need more opportunities for Court appearances than they usually receive.

### n.   Proposed Orders

For all consent, unopposed, or joint motions, the filing party shall include a proposed order granting the motion.

### o.   Pretrial Conference

The Court will normally conduct a pretrial conference prior to trial. The purpose of the conference is to simplify the issues to be tried and to rule on evidentiary objections raised in the pretrial order.[1] Parties should bring to the conference a copy of the proposed pretrial order and attachments thereto, as well as any outstanding motions.

At the pretrial conference, the parties will be required to identify the specific witnesses they expect to call in their case at trial. The Court may require the parties to bring to the pretrial conference those exhibits they plan to introduce at trial and to which there are objections, so that the Court may consider the objections thereto.

Unless otherwise directed, all motions *in limine* shall be filed at least fourteen (14) days before the pretrial conference. Briefs in opposition to motions

[1] Local Rule 16.4, NDGa contains a detailed explanation of what should be in the pretrial order.

*in limine* should be filed at least seven (7) days before the pretrial conference. The motions *in limine* and responses shall take the form of a consolidated pleading.

The attorneys for all parties are further directed to meet together by agreement, initiated by counsel for the plaintiff, no later than ten (10) days before the date of the pretrial conference to:

> a. discuss settlement; and,

> b. stipulate to as many facts and issues as possible.

In accordance with Local Rule 26.2C, *Daubert* motions must be filed no later than the date the proposed pretrial order is submitted. Briefs in opposition must be filed within fourteen (14) days following the *Daubert* motion, and reply briefs must be filed seven (7) days thereafter.

### p.   <u>Proposed Findings of Fact and Conclusions of Law</u>

When counsel is required to submit proposed findings of fact and conclusions of law pursuant to Local Rule 16.4(B)(25), NDGa, in addition to electronically filing same, counsel should provide an electronic copy thereof (in Microsoft Word format) to the Courtroom Deputy Clerk, Ms. Bachelor at Rebecca_Bachelor@ gand.uscourts.gov.

### q.   <u>Courtroom Technology</u>

Our courtroom has various electronic equipment for use by counsel at trial. For more information on the equipment, or to schedule an opportunity to test the equipment, please contact the Courtroom Deputy Clerk, Ms. Bachelor at

Rebecca_Bachelor@gand.uscourts.gov or 404-215-1514. It is the parties' responsibility to make sure they know how to use the equipment available, to have the cables necessary to hook up their equipment, and to ensure that their equipment will interface with the Court's technology.

Any party or counsel <u>without</u> a blue attorney ID card issued through the U.S. Marshals Service who would like to bring in the courthouse electronic equipment, such as a laptop computer or cellphone with a camera, must file a proposed order in the case allowing the same. The proposed order should identify the electronic equipment, specify the date(s) of the hearing or trial to which the party or counsel desires to bring the equipment, and identify the courtroom to which the equipment will be brought. This should be done not less than three (3) business days prior to the hearing or trial, to allow for proper notification to the U.S. Marshals Service.

### r.   **Jury Trial**[2]

The Court usually is in session from 9:00 a.m. until 5:00 p.m. There will be a fifteen (15) minute recess mid-morning and again mid-afternoon, as well as a lunch break.

When the jury is in the courtroom, it is the Court's and the litigants' responsibility to use the jury's time efficiently. If matters need to be taken up outside the presence of the jury, they should be raised during breaks or before the

---

[2] After a case is noticed for trial, the Court will issue a trial outline/overview, which will provide additional procedural information.

27

start of the trial day. It is each party's responsibility to have enough witnesses on hand for each day's proceedings.

### i.  Voir Dire

Proposed *voir dire* questions shall be filed with the pretrial order as provided in LR 16.4(B), NDGa.

During *voir dire*, the Court will ask certain qualifying questions and request the jurors to verbally respond to a printed juror questionnaire (containing general questions regarding their residence, occupation, education, recreational activities, prior jury service and children, if applicable). The Court will then permit the attorneys to ask *voir dire* questions–as previously approved by the Court.

All challenges for cause will be heard at the close of the questioning of all jurors.

There will be a fifteen (15) minute break at the conclusion of juror questioning to give all the attorneys time to review their notes prior to striking the jury.

In all civil cases, eight jurors will be selected to deliberate for cases expected to last one week or less. The Court will empanel additional jurors for cases expected to last more than one week. The number to empanel will be determined after receiving input from the parties.

### ii.    Courtroom Communications

To assist the Court Reporter, all communications to the Court should be made before a microphone from a position at counsel table or from the lectern. During trial, a portable microphone is available that will allow counsel to move about the courtroom. Any witness not testifying from the witness stand must also use a portable microphone.

Counsel should refrain from making disparaging remarks or displaying ill will toward other counsel and from causing or encouraging any ill feeling among the litigants. Counsel and litigants are to refrain from making gestures, facial expressions or audible comments as manifestations of approval or disapproval of testimony, argument, or rulings by the Court.

Only one attorney per party may object to the testimony of a witness being questioned by an opposing party. The objection must be made by the attorney who has conducted or is to conduct the examination of the witness. Only one attorney for each party may address the Court during the charge conference.

Examination of a witness should be limited to questions addressed to the witness. Counsel are to refrain from making extraneous statements, comments, or remarks during examination.

Offers or requests for stipulations should be made privately, not within the hearing of the jury.

Counsel should refrain from putting any matter before the jury in the form

of a question that counsel knows or expects will be subject to an objection that is likely to be sustained. Such matters should be taken up with the Court outside the presence of the jury.

Counsel should not ordinarily make motions in the presence of the jury. Such matters may be raised at the first recess or at sidebar. A motion for mistrial must be made immediately, but the Court may require argument at the next recess or excuse the jury. When making an objection, counsel shall state only the legal basis of the objections (*e.g.*, "leading" or "hearsay") and should not elaborate, argue, or refer to other evidence unless asked to do so by the Judge.

Counsel are prohibited from addressing comments or questions to each other. All arguments, objections, and motions should be addressed to the Court.

The Court expects five (5) to six (6) hours of testimony per day in jury trials and will not allow sidebar conferences or lengthy hearings outside the presence of the jury to disrupt the orderly presentation of evidence.

### iii.   Exhibits

Arrangements with the Courtroom Deputy Clerk for the use of chalkboards, view boxes, tripods, or other visual aids should be made sufficiently in advance so that they may be set up while court is not in session.

Exhibits must be examined and marked before trial in compliance with Local Rule 16.4, NDGa. The parties should confer with the Courtroom Deputy Clerk prior to the start of trial to determine how the Court will receive a copy of

the exhibits for use by the Judge on the bench during proceedings.

Because enlarged exhibits and demonstrative boards are often placed on an easel in front of the jury and thus out of the Court's view, it would be helpful if counsel, when showing such an exhibit or board to the jury, would provide the Court with a small (*e.g.*, letter or legal-sized) copy of the exhibit or board so that the Court can view its contents.

All papers intended for the Judge should be handed to the Courtroom Deputy Clerk, who will pass them to the Judge. Counsel are not required to obtain permission from the Judge to approach a witness in order to show the witness an exhibit or other document.

### iv.    Jury Charges

Ordinarily, the Court will charge the jury before closing argument. Requests to charge shall be filed with the Courtroom Deputy Clerk no later than 9:30 a.m. on the date on which the case is calendared or specially set for trial, unless otherwise ordered by the Court. LR 51.1(A), NDGa.

The parties must file and email to the Courtroom Deputy Clerk in Microsoft Word format, a single, unified set of proposed jury instructions on the law applicable to the specific case; where an instruction is not agreed upon, the parties should indicate who is proposing the instruction and the legal basis for the instruction and for the other party's opposition to the instruction. The Court will not accept supplemental jury charges from the parties that are submitted later than a day prior to the end of trial. The parties must orally request leave of

court to file supplemental jury charges. The jury will be provided with a written copy of the jury charge.

Counsel must use the Eleventh Circuit Pattern Jury Instructions and O'Malley's Federal Jury Practice and Instructions, if applicable. If state law applies, counsel shall present the appropriate pattern instruction from the applicable state.

**IT IS SO ORDERED** this 21st day of April, 2015.

LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE