# EXHIBIT D

Patents

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Control No.: **90/010,092** | ) |
| | ) |
| Ex Parte Reexamination of: **RE38,598** | ) |
| | ) Art Unit: **3992** |
| Filed: **March 4, 2008** | ) |
| | ) Confirmation No. **6314** |
| Title: **Method and System For On Demand Downloading of Module to Enable Remote Control of an Application Over a Network** | ) |
| | ) Examiner: **Woo H. Choi** |
| | ) |
| | ) |

## RESPONSE TO FINAL REJECTION IN *EX PARTE* REEXAMINATION

Assistant Commissioner for Patents     **August 19, 2009**
Washington, DC  20231
ATTN:  Ex Parte Reexamination     Customer No. **35725**

Sir:

In response to the Final Rejection dated June 22, 2009, please consider the concurrently filed Amendment, the concurrently filed Claim Amendment Support Chart, and the following Remarks.  This Response is filed within the two-month response period set by the Final Rejection.  An excess claim fee for new claims 80-101 is submitted with this Response.  Applicant submits that the concurrently filed Amendment should be entered to place the proceedings in condition for a Notice of Intent to Issue Reexamination Certificate and enter certain suggestions by the Examiner to overcome objections.

---

I hereby certify that this correspondence is being filed with the
United States Patent and Trademark Office, Patents through
the EFS-WEB system or by facsimile to Central Facsimile at
571 272 8300 on **August 19, 2009**.

/Michael J. Mehrman/
_____
Michael J. Mehrman - Reg. No. 40,086

Ex Parte Reexamination Control No. 90/101,092
Docket No. 4T02.1-030

## REMARKS

As of the Final Rejection, claims 11-79 are subject to reexamination and claims 11-17, 19, 20, 47-51, 53, and 54 have been confirmed while claims 18, 21-46, 52, and 55-79 remain rejected.  The Applicant thanks the Examiner for the careful consideration and examination given to the Applications and for the identification of confirmed subject matter.  By the concurrently filed Amendment, the Applicant amends certain claims to clarify the currently claimed embodiments of the invention and adds new claims directed toward previously considered subject matter believed to be confirmable upon entry of the inventors' Declaration submitted on March 3, 2009, but which was not considered prior to the mailing of the Final Rejection.  The Declaration signed by all of the inventors is resubmitted with this Response.

The Applicant submits that no new matter was introduced in the concurrently filed Amendment and respectfully asserts that all pending claims are fully in condition for confirmation.  Additionally, the Applicant concurrently files a Claim Amendment Support Chart specifically identifying the support for each claim amendment.

I.  **Rejections under 35 USC 112**

Paragraphs 3-7 of the Official Action reject claims 57, 68, 69, 72 and 73 under 35 U.S.C. 112, first paragraph.  In response, the concurrently filed Amendment seeks to cancel claims 57, 72 and 73.  With respect to claims 68 and 69, Applicant respectfully submits that the Examiner has misread the patent in that the cited portion of the patent (col. 16, lines 1-6) describes a remote control module that executes on the remote computer.  However, the "remote computer" is referred to as the "second

2

Ex Parte Reexamination Control No. 90/101,092
Docket No. 4T02.1-030

computer" in col. 16, lines 1-6 of the patent, whereas claims 68 and 69 refer to the "remote computer" as the "first computer." That is, the application program runs on the "first computer" as described at col. 16, line 6-11, whereas the application program runs on the "second computer" as described in claims 21 and 31 (claim 68 depends from claim 21 and claim 69 depends from claim 31). Nevertheless, in both cases the remote control module executes on the "remote computer." The cited portion of the original patent therefore provides support for claims 68 and 69. Applicant respectfully requests reconsideration of this rejection.

Paragraphs 8-11 of the Official Action reject claims 55 and 58 under 35 U.S.C. 112, second paragraph. In response, the concurrently filed Amendment seeks to amend claim 55 to provide the requested clarification. The Amendment also seeks to correct the informality in claim 58 as suggested. As the same informality occurs in claims 51, 53, and 54, the Amendment also seeks to similarly correct these claims.

II.     **Rejections in view of the PC Anywhere User Guide**

Paragraphs 12-30 of the Official Action reject claims 18, 21-46, 52, 55-60 and 70-73 under 35 U.S.C. 102(b) as allegedly anticipated by the PC Anywhere User Guide. The Examiner's rationale is further explained in paragraphs 40 and 41, which explain the Examiner's contention that the claim language is not commensurate with Applicant's arguments. The Examiner further contends that the claim element of "receiving a demand that a user at a first computer desires remote control over an application at a second computer" is met by any demand for remote control, including an installation request to a network administrator and a request for remote control over a network. The Examiner also contends that the claims as written read on a system in

3

Ex Parte Reexamination Control No. 90/101,092
Docket No. 4T02.1-030

which the remote control *software* is installed on the remote computer in response to the demand.

Applicant maintains that the claims are not intended to read on remote control software such as pcANYWHERE and submits that a receiving a module on demand over a network that provides remote control functionality is not the same as installing a remote control software application program, such as pcANYWHERE. The claimed invention is directed toward a system that utilizes remote control modules, or applets, transmitted on demand over a network to provide remote control functionality without the need to install a remote control software application program.

To further clarify this distinction in the claims, the concurrently filed Amendment seeks to amend claims 18, 21, 31, 36, 41 and 46 to state that the remote control module executes on the first computer without pre-installing remote control software on the first computer *prior to the first computer receiving and executing the remote control module to provide remote control over the application running on the second computer.* Accordingly, the remote control module must be received and executed prior to remote control software being installed on the second computer. Applicant respectfully submits that this amendment squarely precludes the claims from reading on a remote control software program that is installed on the remote computer in response to the demand and, therefore, resolves the claim rejections based on the PC Anywhere User Guide. Applicant further submits that this amendment merely clarifies the claim language previously presented and explicit support for the amendment is provided throughout the patent, for example, at 14/40-53 and in the following passage at 6/5-17:

4

Ex Parte Reexamination Control No. 90/101,092
Docket No. 4T02.1-030

> The system and method of the present invention provides a network user with access and control over an application program so that the user may experience the look and feel of the program as well as try the features of the program. The user need not install any software or directly supply any information about the user's computer system to the server through which application access is possible. Instead, the interface to the application program is transparent to the user and only requires the execution of a RDM on the user's machine. The RDM may be provided and used by the user's computer through the user's browser or through the embedding of a program segment in the user's computer using an HTML document.

**III.     Rejections in view of Paulos as evidenced by Gosling**

Paragraph 25 contends that claims 18, 21, 24-28, 31-33, 36-38, 41-43, 61-67, and 74-76 are rejected under 35 USC 102(a) as being anticipated by Paulos as evidenced by Gosling.  In response to the first office action, Applicant submitted a Declaration under 37 CFR 1.131 to overcome these references.

Paragraph 38 contends that the Declaration under 37 CFR 1.131 is ineffective to overcome the references because it fails to include the signatures of all inventors. However, Applicant submitted a revised Declaration on March 3, 2009, containing the signatures of all inventors.  The revised Declaration has been submitted again together with the filing receipt for the first submission.  Applicant respectfully requests consideration of the revised Declaration containing the signatures of all inventors. Since all of the rejections in view of Paulos as evidenced by Gosling are sworn behind in the revised Declaration, the Applicant respectfully submits that all of the claims rejected in view of Paulos as evidenced by Gosling, that were not also rejected in view of pcANYWHERE, will be in condition for confirmation upon entry of the Declaration. Specifically, claims 61-67 and 74-76 are believed to be in condition for confirmation.

Ex Parte Reexamination Control No. 90/101,092
Docket No. 4T02.1-030

Furthermore, Paragraphs 31-32 of the Official Action reject claims 77-78 under 35 U.S.C. 103(a) as unpatentable over Paulos as evidenced by Gosling. Applicant respectfully submits that claims 77-78 are also in condition for confirmation in light of the Declaration.

## IV.   New Claims

Paragraphs 33-37 state the Examiner's Reasons for Patentability/Confirmation. Claims 53 and 79, which depend from claim 46, are indicated as allowable. Applicant has therefore entered new clam 80 including the subject matter of claims 53 and 46 and new clam 81 including the subject matter of claims 79 and 46 to place these claim in condition for confirmation.

Additionally, as discussed above, the Examiner indicated that several claims were rejected based upon Paulos as evidenced by Gosling but were not rejected based on pcANYWHERE (for example, claims 61-67). Accordingly, upon consideration of the previously filed inventor Declaration, which swore behind Paulos and Gosling, these claims are believed to contain allowable subject matter. However, several of these claims are written in dependent form and thus Applicant, through the concurrently filed Amendment, is re-presenting these claims in independent form to advance the case to confirmation.

Specifically, claim 82 is presented in independent form to include the limitations of pending claims 21 and 64. Claims 83-88 have also been added as dependent claims related to claim 82.

6

Ex Parte Reexamination Control No. 90/101,092
Docket No. 4T02.1-030

Additionally, claim 89 is presented in independent form to include the limitations of pending claims 31 and 63.  Claims 90-95 have also been added as dependent claims related to claim 89.

Finally, claim 96 is presented in independent form to include the limitations for pending claims 31, 33, and 66.  Claims 97-101 have also been added as dependent claims related to claim 96.

Support for each of these new claims, as well as all of the amendments, is presented in the concurrently filed Claim Amendment Support Chart in *Ex Parte Reexamination*.

> Respectfully submitted,
>
> **/Michael J. Mehrman/**
> By:  Michael J. Mehrman
> Reg. No.  40,086

Mehrman Law Office, P.C.
P.O. Box 420797
Atlanta, GA 30342
404 497 7400
404 497 7405 (facsimile)
mike@mehrmanlaw.com